IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN RIDPATH, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : : | |
| PROGRESSIVE ADV. AUTO. INS. CO., *Defendant* | : : : : | NO. 19-5871 |

## MEMORANDUM

PRATTER, J.                                                                                                  MARCH 16, 2020

Megan Ridpath alleges that she sustained various injuries after an underinsured motorist struck her car while she was riding in the passenger seat. Ms. Ridpath now sues her insurance provider, Progressive Advanced Automotive Insurance Company, for its handling of the insurance claim she filed as a result of this incident. Progressive moves to dismiss Ms. Ridpath's bad faith claim for her failure to state a claim upon which relief can be granted. Because Ms. Ridpath supports her bad faith claim with only conclusory, thread-bare allegations, the Court dismisses Ms. Ridpath's bad faith claim with leave to amend her complaint.

## BACKGROUND[1]

An underinsured motorist struck Ms. Ridpath's car while she was riding in the passenger seat. As a result of the accident, Ms. Ridpath sustained bodily injuries, including dizziness, neck pain, and acute post-traumatic cervical spine sprain and strain. Ms. Ridpath was insured by Progressive at the time of the accident. Ms. Ridpath claims that the uninsured motorist caused the accident and submitted a claim for underinsured motorist benefits to Progressive. Ms. Ridpath

---

[1] As it must, the Court accepts the facts presented in the complaint in the light most favorable to Ms. Ridpath and "all allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

1

and Progressive have failed to agree on the amount of benefits that Ms. Ridpath is entitled to recover.

Ms. Ridpath brought suit in state court against Progressive. The complaint contains two counts: (1) a breach of contract claim and (2) a bad faith claim brought under 42 Pa. C.S.A. § 8371. In support of her bad faith claim, Ms. Ridpath alleges that despite Progressive owing her a duty to act in good faith, Progressive breached its duty by (1) failing to negotiate her claim; (2) failing to properly investigate and evaluate her claim; and (3) failing to request that Ms. Ridpath submit to a defense medical examination. Compl. at ¶¶ 16, 18(a)-(c) (Doc. No. 1). After removing the case to federal court, Progressive moved to dismiss Ms. Ridpath's bad faith claim.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to

cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and quotations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

3

DISCUSSION

In Pennsylvania, an insured can bring a bad faith claim against his or her insurer under 42 Pa. C.S.A. § 8371. Although the statute does not define the term "bad faith," Pennsylvania courts have defined bad faith in this context as "[a] frivolous or unfounded refusal to pay proceeds of a policy . . . a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To recover on a bad faith claim, the insured must prove through clear and convincing evidence "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." *Id.* (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)); *see Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Babayan*, 430 F.3d at 137 (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). Instead, "[t]he insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" *Id.* (quoting *Brown*, 860 A.2d at 501). Moreover, "bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive Inc. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1142-43 (Pa. Super. Ct. 2006)).

Bad faith claims are quite fact specific and turn on the insurer's conduct toward the insured. *Dougherty v. Allstate Prop. & Cas. Ins. Co.*, 185 F. Supp. 3d 585, 598 (E.D. Pa. 2016) (citing *Condio*, 899 A.2d at 1143). To survive a motion to dismiss, "a plaintiff must plead specific facts

4

as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming the district court's dismissal of an insurance bad faith claim that plead only "broad and conclusory statements"). Rather than merely alleging that "an insurer acted unfairly," a plaintiff "instead must describe with specificity what was unfair." *Id.* (citing *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010)). Courts in this district and circuit routinely dismiss bad faith claims which fail to allege facts of the insurer's alleged wrongdoing with specificity.[2]

Because Ms. Ridpath's bad faith claim rests entirely on conclusory and bare-bones allegations, it does not survive a Rule 12(b)(6) challenge. *See Atiyeh*, 742 F. Supp. 2d at 596 (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). Ms. Ridpath alleges that Progressive failed to negotiate her claim; failed to properly investigate and evaluate her claim; and failed to request that Ms. Ridpath submit to a defense medical examination. Compl. at ¶ 18(a)-(c) (Doc. No. 1). In *Kiessling v. State Farm Mut. Auto. Ins. Co.*, No. 18-4281, 2019 WL 634639 (E.D. Pa. Feb. 14, 2019), the court determined that nearly identical pleadings failed to allege a bad faith claim. *Id.* at \*\*3, 5 (dismissing bad faith claim alleging that insurer "failed to: (1) negotiate their

---

[2] *See, e.g.*, *Krantz v. Peerless Indem. Ins. Co.*, No. 18-3450, 2019 WL 1123150, at \*4 (E.D. Pa. Mar. 12, 2019) (dismissing bad faith claim where plaintiff pleaded only "conclusory allegations" that the insurer failed to make a good faith offer to settle the claim, promptly tender payment of the claim, and reasonably investigate the claim); *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 12-324, 2012 WL 2239730, at \*3 (M.D. Pa. June 15, 2012) (dismissing bad faith claim supported by "conclusory allegations using boilerplate language" that the insurer failed to objectively and fairly evaluate the claim; adopt and/or implement reasonable standards in evaluating the claim; attempt to effectuate a fair, prompt, and equitable settlement; and six other similar allegations); *Eley v. State Farm Ins. Co.*, No. 10-5564, 2011 WL 294031, at \*4 (E.D. Pa. Jan. 31, 2011) (dismissing bad faith claim asserting that the insurer failed to negotiate the claim in good faith and to properly investigate and evaluate the claim because such allegations were "simply threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (internal quotation marks and citation omitted).

5

underinsurance claims, (2) properly investigate and evaluate their claims, and (3) request that Plaintiffs submit to a defense medical examination"). Ms. Ridpath's counsel should be well aware that such conclusory pleadings fail to state a claim inasmuch as he *submitted* the very complaint which was dismissed in *Kiessling* for the very same reason.

Although "such assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-speculative inference that a finding of bad faith is *plausible*. The Rule 12(b)(6) standards, as interpreted by *Twombly* and *Iqbal*, require more." *Kiss v. State Farm Ins. Co.*, No. 15-6572, 2016 WL 2866540, at *1 (E.D. Pa. May 17, 2016) (emphasis in original). Without additional facts concerning Ms. Ridpath's insurance claim and the accompanying investigation, negotiations, or communications in support of her assertion that Progressive's conduct was unreasonable and reckless, the Court cannot reasonably infer Progressive's bad faith.

## CONCLUSION

For the reasons set forth in this memorandum, the Court grants Progressive's motion to dismiss Ms. Ridpath's bad faith claim. Although the complaint does not currently state a bad faith claim, the Court grants Ms. Ridpath leave to file an amended complaint in the event that she can cure the above deficiencies. *See Phillips*, 515 F.3d at 236. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE